

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 11, 1957

Hon. Les Procter
District Attorney
Austin, Texas

Opinion No. WW-183.

Re: Whether a member of the State High-
way Patrol would be eligible for
the position of parole officer un-
der the Adult Probation and Parole
Law of 1957, Senate Bill 154, Acts
55th Leg., 1957, Ch. 226, p. 466,
assuming that such officer resigned
his position as a State Highway
Patrolman prior to appointment as a
parole officer.

Dear Sir:

You have presented for our determination the question
of whether a member of the Texas Highway Patrol, in view of
Section 31 of S.B. 154, Acts 55th Leg., 1957, Ch. 226, p. 466,
would be eligible for appointment as a parole officer under such
a statute, assuming he resigned his position as a highway patrol-
man prior to his appointment as such parole officer.

Section 31 reads as follows:

"No person who is serving as a sheriff, deputy
sheriff, constable, deputy constable, city police-
man, Texas Ranger, state highway patrolman, or simi-
lar law enforcement officer, or as a prosecuting
attorney, assistant prosecuting attorney or investi-
gator for a prosecuting attorney, shall act as a
parole officer or be responsible for the supervision
of persons on parole."

It is to be noted that throughout Section 31 the pres-
ent tense is used, and the section can be read, "No person who
is /presently/ serving as a . . . State highway patrolman . . .
shall act /presently/ as a parole officer or be responsible for
the supervision of persons on parole." It is our interpretation
of this section, and we believe it to be the intent of the Leg-
islature, that the named officers should not act at the same
time as a parole officer under this law, and that the situation
which Section 31 prohibits is the supervision of persons on pa-
role by persons then serving as law enforcement officers. Ac-
cordingly, if the highway patrol officer or sheriff, or consta-
ble, or any of the other named officers in Section 31 were to

resign his position prior to accepting appointment as a parole officer, we see no reason why he should not be able to serve as such.

Accordingly, it is our opinion that an officer presently serving as a member of the Texas Highway Patrol would be eligible for appointment as a parole officer under the provisions of S.B. 154, Acts 55th Leg., 1957, Ch. 226, p. 466, in the event he resigned his position with the Texas Highway Patrol prior to his appointment as a parole officer.

## SUMMARY

Section 31 of S.B. 154, Acts 55th Leg., 1957, Ch. 226, p. 466, would not prohibit the appointment of a member of the Texas Highway Patrol as a parole officer under such statute, provided such highway patrolman resigned his position with the Highway Patrol prior to his appointment as a parole officer.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John Minton
John Minton
Assistant

JM:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Marietta McGregor Payne
Wayland C. Rivers, Jr.
Roger I. Daily

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn